IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENTES WEST, #K82893,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-00224-SMY |
| | ) |
| **S. EBERS,** | ) |
| **ROBERT W. RHOADES,** | ) |
| **ZACKARY CONNER,** | ) |
| **RYAN RAMSEY,** | ) |
| **KEVIN TILLEY,** | ) |
| **SMITH,** | ) |
| **LAMBERT,** | ) |
| **J. HUFFMAN,** | ) |
| **HANKS,** | ) |
| **JOSHUA SHOENBECK,** | ) |
| **MORGAN, and** | ) |
| **ANTHONY WILLS,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint (Doc. 19) filed by Plaintiff Kentes West. Plaintiff is an inmate in the Illinois Department of Corrections and is incarcerated at Menard Correctional Center. He brings this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from staff retaliation at Menard. The First Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 19, pp. 15-

71): Menard officials subjected Plaintiff to the unauthorized use of force and denied him medication in retaliation for filing a lawsuit against Lieutenant Ebers. *Id*. at 15. To obtain his prescription medication, Plaintiff was required to wear handcuffs during med line. The only exemption from this requirement was for Plaintiff's "crush and float" medication for nerve pain. Before receiving all other medications, Menard officials would cuff Plaintiff so tightly that he suffered pain and numbness in his wrists, hands, and arms for hours after med line ended. *Id*.

Plaintiff complained to Lieutenant Ebers in July 2022. He told the officer that he regularly declined medications that required cuffs because it was so painful. Lieutenant Ebers said that Plaintiff should be happy there was nothing else to complain about, given that he named the lieutenant in a lawsuit. Plaintiff did not recognize the officer by appearance or name, but the officer clearly knew him. *Id*. at 16. Plaintiff soon realized that Lieutenant Ebers was substituted for an unknown defendant in a case he filed against Menard's Orange Crush Tactical Team. Lieutenant Ebers made a snide remark about Plaintiff's unsuccessful litigation of that case, which actually settled before summary judgment. *Id*.

Hoping to avoid the issues posed by Lieutenant Ebers, Plaintiff requested a change of medication times to a shift that Lieutenant Ebers and Nurse Morgan did not work. Reva Engelage denied his request, claiming it would interfere with Plaintiff's blood pressure medication. *Id*.

From July 12-14, 2022, Lieutenant Ebers instructed prison guards to cuff Plaintiff for all medication, including his "crush and float" medication. *Id*. at 17. Plaintiff ended up declining or receiving no medication during this time period. Afterward, Plaintiff only received his medication on days that Lieutenant Ebers was not working, and Sergeant Rhoades eventually made sure Plaintiff was denied medication on all other days as well. Plaintiff was ultimately denied medication even when he offered to cuff up for it. *Id*.

Plaintiff documented the following denials of medication in September and October 2022: Lieutenant Ebers on September 8 and 13; Lieutenant Conners on September 14; Officer Tilley on September 20; Officer Hatley on September 21; Officer Mitchell on September 22; Officer Taylor on September 23; Officer Ramsey on October 3; Officer Smith on October 4; Officer Lambert on October 5; Officer Ramsey on October 7;[1] and Officers Ramsey and Hatley on October 8. *Id*. at 18-20. Nurse Morgan became so accustomed to Plaintiff not getting medication that she stopped packing it. *Id*. at 21.

Lieutenant Ebers also made harassing comments to Plaintiff on September 11, 2022, prompting him to request a PREA complaint form. *Id*. at 19. His request was denied, and Officers Huffman and Hanks instead wrote Plaintiff a false disciplinary ticket. *Id*. at 19-20.

Sergeant Rhoades issued Plaintiff four false disciplinary reports on September 2, September 4, September 14, and October 30, 2022. *Id*. at 18. The tickets were carbon copies of one another and cited violations of rules that did not exist in DR 504. *Id*. Plaintiff was denied a fair and impartial hearing and found guilty of each one.[2] *Id*. at 18-19, 24-25. Lieutenant Shoenbeck, Sergeant Jones, and Officer Walker presided over the disciplinary hearings and failed to properly document the proceedings, failed to rely on truthful information, refused to consider the evidence that Plaintiff presented, and failed to apply the proper legal standard before finding the plaintiff guilty. *Id*. at 24-27. Plaintiff seeks money damages from the defendants.[3] *Id*. at 22, 27.

---

[1] Major Rowland intervened and provided medication on this date.
[2] Plaintiff does not indicate what punishment he received for each ticket, but the Disciplinary Hearing Summaries attached to the First Amended Complaint list commissary restrictions, demotion to C-grade, and/or segregation for 7 days (Ticket #1), 14 days (Ticket #2), 14 days (Ticket #3), 14 days (Ticket #4), and 28 days (Ticket #5). *Id.* at 39, 41, 43, 45, and 49.
[3] As an exhibit to the First Amended Complaint, Plaintiff included a handwritten grievance requesting expungement of all disciplinary tickets, removal of the adjustment committee members, and suspension without pay or termination of all defendants from their employment. *Id.* at 27. Plaintiff omitted all of these requests from his "Request for Relief" in the First Amended Complaint. *Id.* at 22.

**Preliminary Dismissals**

Federal Rule of Civil Procedure 10(a) requires a plaintiff to name all parties in the case caption. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). Plaintiff mentions several individuals in the statement of his claim who are not identified as defendants, including: Reva Engelage, Major Rowland, Officer Hatley, Officer Mitchell, Officer Taylor, Sergeant Jones, and Officer Walker, among others. Because these individuals are not named as defendants, they are not considered parties; all claims against them are considered **DISMISSED without prejudice**.

Plaintiff also identifies Warden Wills as a defendant in the First Amended Complaint but makes no allegations against him. If a plaintiff fails to include the name of a defendant in his statement of claim or make any allegations against him, that defendant cannot be said to have notice of which claims, if any, are directed against the party. FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Warden Wills will be **DISMISSED without prejudice**.

**Discussion**

The Court designates the following claims in the *pro se* First Amended Complaint:

Count 1:   First Amendment claim against Defendants for denying Plaintiff access to his medications from July through October 2022, in retaliation for filing a lawsuit against Lieutenant Ebers.

Count 2:   First Amendment claim against Defendants for issuing Plaintiff five disciplinary tickets in September and October 2022, in retaliation for filing grievances or complaints against staff at Menard.

Count 3:   Eighth Amendment claim against Defendants for using excessive force against Plaintiff by cuffing him too tightly for med line in 2022.

Count 4:   Eighth Amendment claim against Defendants for exhibiting deliberate

       indifference to Plaintiff's serious medical needs by denying him access to his medications in 2022.

Count 5:  Fourteenth Amendment claim against Defendants for denying Plaintiff a protected liberty interest without due process of law by issuing him five false disciplinary tickets that resulted in his punishment with segregation, commissary restrictions, and/or demotion to C-grade.

Count 6:  Fourteenth Amendment due process claim against Defendants for mishandling Plaintiff's grievances in 2022.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

### Counts 1 and 2

Prison officials may not retaliate against inmates for exercising their First Amendment rights by filing grievances or complaining about the conditions of their confinement. *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). To state a colorable claim for retaliation, a plaintiff must sufficiently allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter future First Amendment activity; and (3) his protected activity was "at least a motivating factor" in the defendant's decision to take retaliatory action against him. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Plaintiff's allegations are sufficient to state claims of retaliation in Count 1 against the following defendants, who allegedly denied him medication because he filed a lawsuit against Lieutenant Ebers: Defendants Ebers, Rhoades, Conner, Ramsey, Tilley, Smith, Lambert, and Morgan. Because Plaintiff does not identify any other defendants in connection with this claim, Count 1 will be dismissed without prejudice against all other defendants.

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff states viable claims of retaliation in Count 2 against the following defendants, who allegedly issued him fabricated disciplinary tickets in retaliation for filing grievances and complaints about the denial of medication and other harassment by staff: Defendants Huffman, Hanks, and Rhoades. Because no other defendant is named in connection with the issuance of false disciplinary tickets, Count 2 will be dismissed without prejudice against all other defendants.

**Count 3**

To state an excessive force claim, an inmate must set forth facts suggesting that force was "carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Here, Plaintiff alleges that he was cuffed in a manner that caused pain and injury for no penological reason. However, he fails to identify a single defendant who was responsible for cuffing him. Accordingly, Count 3 will be dismissed without prejudice for failure to state a claim against any defendants. *See Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022) (Section 1983 liability hinges on personal involvement in a constitutional deprivation).

**Count 4**

To state an Eighth Amendment claim based on the denial of medical care, a plaintiff must first describe a serious medical need, such as one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Second, the plaintiff must describe conduct on the part of each defendant that amounts to deliberate indifference, which occurs when a defendant "know[s] of and disregard[s] an excessive risk to inmate health." *Id*.

Plaintiff makes passing reference to medication used to control his blood pressure and nerve pain, but this is not enough to establish a serious medical need. Moreover, he does not

6

identify which defendants denied him medication on each date. Therefore, Count 4 will be dismissed against all defendants without prejudice for failure to state a claim.

### Count 5

The Fourteenth Amendment protects against deprivations of constitutionally protected interests in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). When presented with a due process claim in the prison disciplinary context, the court considers: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id*. When determining whether a protected liberty interest is at stake, courts generally consider the duration of confinement in segregation and the conditions an inmate encountered there. For shorter terms of segregation, no inquiry into the specific conditions is even necessary. *See Thomas v. Ramos,* 130 F.3d 754, 761 (7th Cir. 1997) (70 days); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (90 days); *Beamon v. Pollard,* 711 F. App'x 794, 795 (7th Cir. 2018) (135 days); *Hardaway v. Meyerhoff*, 734 F.3d 740, 745 (7th Cir. 2013) (182 days). For longer terms in segregation, the Court considers whether the plaintiff endured an "atypical and significant hardship." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (240 days).

The Court is unable to analyze the first component of this claim because Plaintiff does not state the punishment he received for the five allegedly false disciplinary tickets in September and October 2022. That said, the Court's review of the Disciplinary Hearing Summaries reveals punishment with segregation for 7 days (Ticket #1), 14 days (Ticket #2), 14 days (Ticket #3), 14 days (Ticket #4), and 28 days (Ticket #5). (Doc. 19, pp. 39, 41, 43, 45, and 49). Plaintiff's

punishment with 7 to 28 days of segregation for each ticket, standing alone or combined, is too short to implicate a liberty interest.

Additionally, Plaintiff does not describe the conditions he endured in segregation. Although he was also punished with commissary restrictions and demotion to C-grade status, according to the Disciplinary Hearing Summaries, neither supports a claim. *See Thomas v. Ramos,* 130 F.3d at 762, n.8 (no protected liberty interest implicated in loss of certain privileges and demotion to C-grade).

Because Plaintiff fails to describe a constitutionally protected interest that triggered any right to due process protections under the Fourteenth Amendment, Count 5 will be dismissed without prejudice for failure to state a claim.

### Count 6

No independent claim arises under the Fourteenth Amendment Due Process Clause for the mishandling of grievances. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, so the failure of state prison officials to follow their own procedures does not violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992). Count 6 will therefore be dismissed with prejudice for failure to state a claim.

### Disposition

The First Amended Complaint (Doc. 19) survives screening pursuant to 28 U.S.C. § 1915A and shall proceed, as follows:

- **COUNT 1** will proceed against Defendants **EBERS, RHOADES, CONNER, RAMSEY, TILLEY, SMITH, LAMBERT,** and **MORGAN**, in their individual capacities.

- **COUNT 2** will proceed against Defendants **HUFFMAN, HANKS**, and **RHOADES**, in their individual capacities.

- **COUNTS 1** and **2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against any other defendants not named in connection with the claims in the two preceding paragraphs.

- **COUNTS 3, 4,** and **5** are **DISMISSED** without prejudice and **COUNT 6** is **DISMISSED** with prejudice, all for failure to state a claim against any defendants.

- Defendants **SHOENBECK** and **WILLS** are **DISMISSED** without prejudice because the First Amended Complaint states no claim against either defendant.

For Counts 1 and 2, the Clerk shall prepare for Defendants **EBERS, RHOADES, CONNER, RAMSEY, TILLEY, SMITH, LAMBERT, MORGAN, HUFFMAN,** and **HANKS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 19), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply. 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues**

**stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act and TERMINATE Defendants ANTHONY WILLS and JOSHUA SHOENBECK as parties in CM/ECF.**

**IT IS SO ORDERED.**

DATED:   December 13, 2023        *s/ Staci M. Yandle*
                                  **STACI M. YANDLE**
                                  **United States District Judge**

## Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.